CRICHTON, J.,
would grant and assigns reasons:
pin my view, the ruling of the district court suppressing cocaine seized from defendant’s pocket should be reversed. When the officers saw defendant holding a clear plastic bag containing what they believed to be cocaine, they had probable cause to arrest the defendant. They were therefore justified in retrieving the cocaine from defendant’s pocket, where they watched him secrete it, before placing him under arrest. See generally Hoffa v. United States, 385 U.S. 293, 310, 87 S.Ct. 408, 417, 17 L.Ed.2d *86 374 (1966) (“Law enforcement officers are under no constitutional duty to call a halt to a criminal investigation the moment they have the minimum evidence to establish probable cause, a quantum of evidence which may fall far short of the amount necessary to support a criminal conviction.”); Rawlings v. Kentucky, 448 U.S. 98, 111, 100 S.Ct. 2556, 2564, 65 L.Ed.2d 633 (1980) (“Where the formal arrest followed quickly on the heels of the challenged search of petitioner’s person, we do not believe it particularly important that the search preceded the arrest rather than vice versa.”). Therefore, in my opinion, the district court erred in granting the motion to suppress.